JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408)297-4729
FAX (408)297-4728

ATTORNEY FOR PLAINTIFF

FILED

2008 MAY 23 P 1: 21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

E-FILING

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL CASTRO

  Plaintiff,

  vs.

CUSTOMIZED PERFORMANCE INC.,

AND HAMILTON MANAGEMENT, INC.,

  Defendants

C08 02616 RS

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL:

1) Violations of the Federal Fair Labor Standards Act;
2) Violation of California Business and Professions Code Section 17200; and
3) Violation of California Labor Code Section 226. (Paystub)

## NATURE OF CLAIM

This is an action on behalf of RAFAEL CASTRO who has been employed on a hourly basis by CUSTOMIZED PERFORMANCE INC., AND HAMILTON MANAGEMENT, INC., during the last two years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California statutes. Plaintiff seeks compensatory damages for unpaid wages and liquidated damages under 29 U.S.C. §216(b), damages for inadequate pay statements under California Labor Code Section 226,

COMPLAINT - 1

1 attorney's fees and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

1. At all times relevant herein, Plaintiff RAFAEL CASTRO is an individual resident of San Jose, California.
2. At all times relevant herein, Defendant HAMILTON MANAGEMENT INC. is a California Corporation headquartered in Santa Clara, California.
3. At all times relevant herein, Defendant CUSTOMIZED PERFORMANCE INC. is a California Corporation headquartered in Santa Clara, California.

## GENERAL ALLEGATIONS

4. At all times relevant herein, Plaintiff was an employee of defendants CUSTOMIZED PERFORMANCE INC. and HAMILTON MANAGEMENT, INC. in Santa Clara, California. Plaintiff was according to information and belief, employee of Defendants acting in the normal course and scope of his employment duties with Defendants.
5. During the course of Plaintiffs' employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.
6. Plaintiff was paid on a hourly basis.
7. Plaintiff did not perform "exempt" duties in her position as a porter with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiff was not even marginally responsible for management or administrative functions, and his primary job did not require her to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

8. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of Defendants where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of Defendants.

## COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

9. Plaintiff re-alleges and incorporates paragraphs 1-8 as if fully stated herein.

10. At all relevant times herein, Plaintiffs' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was an individual employee covered by virtue of Plaintiffs' direct engagement in interstate commerce.

11. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

12. Although Plaintiff was not so exempt during employment with HAMILTON MANAGEMENT, INC. and CUSTOMIZED PERFORMANCE INC. defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiffs' regular rate of pay.

13. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

14. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

15. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus defendants

are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

16. Defendants therefore owe Plaintiff overtime not properly paid to Plaintiff, in an amount to be determined at trial.

17. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT TWO: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

18. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-17 as if fully stated herein.

19. At all times relevant herein, Plaintiffs' employment with defendants were subject to the Fair Labor Standards Act, which required all employees to be paid overtime for work performed in excess of forty hours per week unless specifically exempted by law.

20. At all times relevant herein, as the employer of Plaintiff, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §§17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

21. During the period Plaintiff was employed Defendants, they failed to pay Plaintiff legally required overtime pay to which he were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

22. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

23. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount to be determined at trial.

24. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

25. Plaintiff, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226
## INADEQUATE PAY STATEMENTS

26. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-25 as if fully stated herein.

27. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

28. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

29. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code §226.

30. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

31. Defendants' failure to provide such adequate statements has caused injury to the Plaintiff.

32. Plaintiff is therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

33. Plaintiff has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

34. For compensatory damages per the FLSA for unpaid overtime wages in an amount to be determined;

35. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

36. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

37. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

38. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

39. Plaintiff asks the court to award reasonable attorney's fees pursuant to 29 U.S.C. §216(b) of the FLSA;

40. For costs of suit herein; and

41. For such other and further relief as the Court may deem appropriate.

1 | May 22, 2008

JAMES DAL BON
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET
SUITE 210,
SAN JOSE, CA 95113

JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113
(408)297-4279

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CASTRO ) | Case No: |
| ) | |
| Plaintiff, ) | DEMAND FOR JURY TRIAL |
| ) | |
| vs. ) | |
| ) | |
| CUSTOMIZED PERFORMANCE INC. ) | |
| AND HAMILTON MANAGEMENT INC., ) | |
| ) | |
| Defendants ) | |

Plaintiff demand a jury trial.

JAMES DAL BON
Law Offices of James Dal Bon
28 North First, St, Suite 210
San Jose, CA 95113

# CIVIL COVER SHEET

JS 44 - No. CALIF. (Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
RAFAEL CASTRO

**DEFENDANTS**
CUSTOMIZED PERFORMANCE INC., AND
HAMILTON MANAGEMENT, INC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Offices of James Dal Bon
28 North 1st Street Suite 210, San Jose, CA 95113

ATTORNEYS (IF KNOWN)
C08 02616 RS

**II. BASIS OF JURISDICTION** (PLACE AN "✗" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✗" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "✗" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "✗" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth In Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)  29 U.S.C. 209, et seq.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 45,000.00
☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "✗" IN ONE BOX ONLY)  ☐ SAN FRANCISCO/OAKLAND  ☒ SAN JOSE

DATE  5/22/08

SIGNATURE OF ATTORNEY OF RECORD