PAUL V. SIMPSON, BAR NO. 83878
psimpson@sgilaw.com
TIMOTHY P. O'DONNELL, BAR NO. 185492
todonnell@sgilaw.com
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA  94080
Telephone:  (650) 615-4860
Fax:  (650) 615-4861

Attorneys for Defendant
Customized Performance Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CASTRO, | ) Case No. C-08-02616 RS |
| | ) |
| Plaintiff, | ) **DEFENDANT CUSTOMIZED** |
| | ) **PERFORMANCE INC.'S ANSWER TO** |
| v. | ) **PLAINTIFF'S COMPLAINT FOR** |
| | ) **DAMAGES** |
| CUSTOMIZED PERFORMANCE INC., AND | ) |
| HAMILTON MANAGEMENT, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

1  Defendant Customized Performance Inc. (hereinafter "Defendant") answers Plaintiff

2  Rafael Castro's Complaint for Damages (hereinafter "Complaint") as follows:

3

4  **NATURE OF THE CLAIM**

5  1.      Answering the un-numbered paragraph labeled "Nature of the Claim", Defendant

6  admits that it employed Rafael Castro on an hourly basis.  Defendant further admits that Plaintiff

7  is seeking what the complaint states he is seeking.  Except as expressly admitted herein, Defendant

8  denies each and every remaining allegation contained in the un-numbered paragraph labeled

9  "Nature of the Claim."

10

11  **PARTIES**

12  2.      Answering Paragraph 1 of the Complaint, Defendant lacks information or

13  knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1,

14  and on that basis, denies each and every allegation contained therein.

15  3.      Answering Paragraph 2 of the Complaint, Defendant lacks information or

16  knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2,

17  and on that basis, denies each and every allegation contained therein.

18  4.      Answering Paragraph 3 of the Complaint, Defendant admits that it is a California

19  Corporation.  Except as expressly admitted herein, Defendant denies each and every remaining

20  allegation contained in Paragraph 3 of the Complaint.

21

22  **GENERAL ALLEGATIONS**

23  5.      Answering Paragraph 4 of the Complaint, Defendant admits that it employed

24  Plaintiff.  Except as expressly admitted herein, Defendant denies each and every remaining

25  allegation contained in Paragraph 4 of the Complaint.

26  6.      Answering Paragraph 5 of the Complaint, Defendant denies each and every

27  remaining allegation contained in Paragraph 5 of the Complaint.

28  7.      Answering Paragraph 6 of the Complaint, Defendant admits the allegation.

8. Answering Paragraph 7 of the Complaint, Defendant can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible. The paragraph refers to "her" duties. As a result, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis, denies each and every allegation contained therein.

9. Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff did not directly supervise any employees. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

## COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PROPERLY PAY OVERTIME WAGES

10. Answering Paragraph 9 of the Complaint, Defendant realleges and incorporates by reference its responses previously made in Paragraphs 1 through 8 above.

11. Answering Paragraph 10 of the Complaint, Defendant can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible. The paragraph refers to "Plaintiffs" employment. As a result, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, denies each and every allegation contained therein.

12. Answering Paragraph 11 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

13. Answering Paragraph 12 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 12 of the Complaint.

14. Answering Paragraph 13 of the Complaint, Defendant can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible. The paragraph refers to "Plaintiffs" rights. As a result, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis, denies each and every allegation contained therein.

15.    Answering Paragraph 14 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 14 of the Complaint.

16.    Answering Paragraph 15 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 15 of the Complaint.

17.    Answering Paragraph 16 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 16 of the Complaint.

18.    Answering Paragraph 17 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 17 of the Complaint.

**COUNT TWO: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES**

19.    Answering Paragraph 18 of the Complaint, Defendant realleges and incorporates by reference its responses previously made in Paragraphs 1 through 17 above.

20.    Answering Paragraph 19 of the Complaint, Defendant can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible.  The paragraph refers to "Plaintiffs" employment.  As a result, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis, denies each and every allegation contained therein.

21.    Answering Paragraph 20 of the Complaint, Defendant admits that it was subject to California Business and Professions Code Section 17000 et seq.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 20 of the Complaint.

22.    Answering Paragraph 21 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

23.    Answering Paragraph 22 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 22 of the Complaint.

24.    Answering Paragraph 23 of the Complaint, Defendant can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible.  The paragraph refers to

"Plaintiffs" rights.  As a result, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis, denies each and every allegation contained therein.

25.    Answering Paragraph 24 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

26.    Answering Paragraph 25 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 25 of the Complaint.

## COUNT FIVE [SIC]: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226
## INADEQUATE PAY STATEMENTS

27.    Answering Paragraph 26 of the Complaint, Defendant realleges and incorporates by reference its responses previously made in Paragraphs 1 through 25 above.

28.    Answering Paragraph 27 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 27 of the Complaint.

29.    Answering Paragraph 28 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 28 of the Complaint.

30.    Answering Paragraph 29 of the Complaint, Defendant can neither admit nor deny the allegations in this paragraph as the allegations are unintelligible.  The paragraph refers to "Plaintiffs" employment.  As a result, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis, denies each and every allegation contained therein.

31.    Answering Paragraph 30 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 30 of the Complaint.

32.    Answering Paragraph 31 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 31 of the Complaint.

33.    Answering Paragraph 32 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 32 of the Complaint.

34.     Answering Paragraph 33 of the Complaint, Defendant denies each and every remaining allegation contained in Paragraph 33 of the Complaint.

**PRAYER FOR RELIEF**

35.     Answering Paragraphs 34 through 41 of the Complaint, Defendant is not called upon to affirm or deny the prayer contained in the Complaint, but affirmatively states there are no grounds in fact or law that warrant the granting of Plaintiff's prayer for relief.  Accordingly, Defendant denies that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff's claims for relief are barred by the applicable statute(s) of limitations.

THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff's claims for relief are barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff is barred from any and all recovery by virtue of his conduct constituting a waiver of each and every alleged claim for relief.

FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff is estopped by his own actions and conduct from seeking recovery on his claims for relief.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff's claims are barred by his unclean hands.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges Plaintiff's claims are barred because Plaintiff approved, consented to, authorized and/or ratified the alleged conduct of Defendant complained of in the Complaint.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff has been paid all wages due and owing to him.

<u>NINTH AFFIRMATIVE DEFENSE</u>

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that any failure, if any, to pay all wages due to Plaintiff was made in good faith and based upon reasonable grounds.

<u>TENTH AFFIRMATIVE DEFENSE</u>

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that any failure by Defendant to pay wages allegedly due to Plaintiff was based on a good faith dispute as to whether those wages were due.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiff has failed to mitigate his damages, if any, by failing to take such actions as are reasonably necessary to minimize any loss that may have been, or in the future may be, sustained.

1                                             TWELFTH AFFIRMATIVE DEFENSE

2         AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every

3 cause of action, Defendant alleges that Plaintiff is not entitled to any penalty award under

4 California Labor Code, since, at all relevant times, Defendant did not willfully fail to comply with

5 the compensation provisions of the California Labor Code, but rather acted in good faith and had

6 reasonable grounds for believing that it had not violated those provisions.

7                                        THIRTEENTH AFFIRMATIVE DEFENSE

8         AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the sixth count

9 for violation of the UCL, Defendant alleges that Plaintiff may not recover damages for any alleged

10 violation of the UCL.

11                               FOURTEENTH AFFIRMATIVE DEFENSE

12         AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the sixth count

13 for violation of the UCL, Defendant alleges that Plaintiff is not entitled to restitution.

14                                 FIFTEENTH AFFIRMATIVE DEFENSE

15         AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every

16 cause of action, Defendant alleges that Plaintiff has failed to state a claim for an award of

17 attorneys' fees or costs.

18                               SIXTEENTH AFFIRMATIVE DEFENSE

19         AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every

20 cause of action, Defendant has insufficient knowledge or information on which to form a belief as

21 to whether it may have additional, but as yet unstated, affirmative defenses available to it.

22 Defendant, therefore, reserves the right to assert additional affirmative defenses in the event

23 discovery indicates such defenses are available.

24         WHEREFORE, Defendant prays for judgment as follows:

25         1.        That Plaintiff takes nothing by reason of his Complaint, that the Complaint be

26 dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

27         2.        That Defendant be awarded its reasonable costs and attorneys' fees; and

28

1         3.     That Defendant be awarded such other and further relief as the Court deems just

2    and proper.

3

Date:  July 10, 2008                           Respectfully submitted,

4

SIMPSON, GARRITY & INNES
5                                             Professional Corporation

6                                     By:  _____/s/_____

7                                            PAUL V. SIMPSON
                                        TIMOTHY P. O'DONNELL

8                                            Attorneys for Defendant
                                        Customized Performance Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Danielle Lamica certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 601 Gateway Boulevard, Suite 950, South San Francisco, California, 94080, which is located in the City, County and State where the mailing described below took place.

On July 10, 2008, I placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at South San Francisco, California, a copy of the following documents:

**DEFENDANT CUSTOMIZED PERFORMANCE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

on:

Attorney for Plaintiff

James Dal Bon
Law Offices of James Dal Bon
28 North 1st Suite 210
San Jose, CA 95113

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2008.

_____/s/_____
Danielle Lamica