1  PAUL V. SIMPSON, BAR NO. 83878
   psimpson@sgilaw.com
2  TIMOTHY P. O'DONNELL, BAR NO. 185492
   todonnell@sgilaw.com
3  SIMPSON, GARRITY & INNES
   Professional Corporation
4  601 Gateway Boulevard, Suite 950
   South San Francisco, CA  94080
5  Telephone:  (650) 615-4860
   Fax:  (650) 615-4861
6  Attorneys for Defendant Customized Performance Inc.

7  MICHAEL E. BREWER, BAR NO. 177912
   MBrewer@littler.com
8  ANNE-MARIE WAGGONER, BAR NO. 173407
   AWaggoner@littler.com
9  LITTLER MENDELSON P.C.
   1255 Treat Blvd., Suite 600
10 Walnut Creek, CA 94597
   Telephone: (925) 932-2468
11 Fax: (925) 946-9809
   Attorneys for Defendant Hamilton Management, Inc.

12
   JAMES DAL BON, BAR NO. 157942
13 LAW OFFICES OF JAMES DAL BON
   28 North 1st Street, Suite 210
14 San Jose, CA 95113
   Telephone: (408) 297-4729
15 Fax: (408) 297-4728
   Attorneys for Plaintiff Rafael Castro

16

17                    UNITED STATES DISTRICT COURT
18                    NORTHERN DISTRICT OF CALIFORNIA
19

20 | RAFAEL CASTRO, | ) Case No. C-08-02616 RS |
21 |                | )                         |
   |     Plaintiff, | ) **PLAINTIFF RAFAEL CASTRO AND** |
22 |                | ) **DEFENDANTS CUSTOMIZED** |
   |     v.         | ) **PERFORMANCE INC., AND** |
23 |                | ) **HAMILTON MANAGEMENT, INC.'S** |
   | CUSTOMIZED PERFORMANCE INC., AND | ) **JOINT CASE MANAGEMENT** |
24 | HAMILTON MANAGEMENT, INC., | ) **STATEMENT** |
   |                | )                         |
25 |     Defendants.| ) Initial CMC:   September 10, 2008 |
   |                | )                         |
26 |                | )                         |

27

28

{CLIENT FILES\31015\2\00094993.DOC}                                      - 1 -

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-08-02616 RS

Pursuant to this Court's Order Setting Initial Case Management Conference, Civil Local Rule 16-9 and the Standing Order, Plaintiff Rafael Castro (hereinafter referred to as "Plaintiff") and Defendants Customized Performance, Inc. and Hamilton Management, Inc. (all co-defendants collectively referred to hereinafter as the "Defendants") (Plaintiffs and Defendants collectively referred to hereinafter as the "Parties"), by and through their respective counsel, submit the following Joint Case Management Conference Statement.

A.   Jurisdiction and Service:

This Court has jurisdiction of claims asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and federal question jurisdiction under 28 U.S.C. §1331. This Court has supplemental jurisdiction over the California state law claims. There are no remaining parties to be served.

B.   Facts/Description of the Case:

Defendant Customized Performance provides janitorial services for commercial properties throughout the Bay Area. Defendant Hamilton Management is a real estate developer located in Palo Alto. Plaintiff alleges that he was employed by Defendants in a non-overtime exempt position. Plaintiff claims that he was not paid overtime pursuant as required by the Fair Labor Standards Act, the California Labor Code and applicable Wage Orders. Plaintiff also claims he was not provided with accurate itemized wage statements. Defendants dispute each of Plaintiff's contentions.

The Parties have met and conferred regarding the numerous issues each believes exist or potentially exist in this matter. The fact that any particular issue is listed is not necessarily indicative that both Parties agree that the issue is relevant to the case, or even appropriately stated; rather, it is simply indicative that at least one of the Parties believes that the issue, as stated, is relevant at this time.

In light of the factual inquiry necessary to determine some legal issues and the interdependency of many factual and legal concepts, the Parties have attempted to frame the following issues in the most appropriate category. If any of the following issues is stated as a factual issue when it would be more appropriate to list such issue in the legal category (or vice

versa) the Parties incorporate such issue in the correct category. In addition, further factual and legal issues may become known to one or both of the Parties as discovery continues.

The factual and legal issues that the Parties dispute include, but are not necessarily limited to, the following:

* Whether Plaintiff worked in excess of forty hours a week during his employment;

* Whether Plaintiff was paid for all overtime hours worked as required by the FLSA for time worked in excess of forty (40) hours in a workweek; and

* Whether Plaintiff was timely furnished with itemized wage statements providing the detail required by California Labor Code § 226.

C.  Legal Issues:

* Whether Plaintiff was subjected to a violation of California Labor Code § 226 or California Business & Professions Code § 17200 et seq. by not being paid overtime or timely furnished with itemized statements each pay period containing all statutorily required information;

* Whether Plaintiff was subjected to violations of 29 U.S.C. § 207 by not being paid overtime compensation.

D.  Motions:

Plaintiff does not anticipate filing any motions. Defendants anticipate moving for summary judgment or partial summary judgment on specific causes of action following the completion of discovery. The Parties agree that additional motions, not presently foreseeable, may be necessary depending on the results of discovery and further investigation.

E.  Amendment of Pleadings:

The Parties do not intend to amend their pleadings.

F.  Evidence Preservation:

Defendants have taken affirmative steps to ensure the preservation of all evidence – including evidence electronically recorded – relevant to the issues reasonably evident in the action.

G.  Disclosures:

The parties agree that they will exchange initial disclosures by fax or e-mail by the time of the case management conference. As further documents and witnesses may become known as the

investigation and discovery in this matter continue, the parties will supplement their disclosures as required under the Federal Rules of Civil Procedure.

H.   Discovery:

The Parties have not engaged in any formal discovery to date.  With one exception, the parties agree to the limitations on discovery set forth in the Federal Rules of Civil Procedure.  The one exception is that due to the possible use of interpreters, the parties agree that depositions are limited to a maximum of ten hours each and may take place over two calendar days.

J.   Related Cases:

At the present time, the Parties are not aware of any related cases.

K.   Relief:

Plaintiff seeks compensation for unpaid overtime wages, liquidated damages under the Fair Labor Standards Act, restitution for unpaid overtime pursuant to section 17203 of the California Business and Professions Code, damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226, pre- and post-judgment interest, statutory penalties, and an award of costs and attorneys' fees as prayed for in the Complaint.

L.   Settlement and ADR:

The Parties have had preliminary settlement discussions, and have agreed to a court-sponsored mediation.

M.   Consent to Magistrate Judge for Trial:

The parties have consented to a Magistrate Judge for trial.

N.   Other References:

At this time, the parties do not recommend referring this case to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

O.   Narrowing of Issues:

The Parties are unaware of any other means to narrow the issues at this time, although a Magistrate Judge may be able to assist in such narrowing in some respects during the settlement conference.

P.  Expedited Schedule:

Not applicable.

Q.  Scheduling:

The Parties propose scheduling an early mediation in this matter following the initial disclosures.  If the mediation proves unsuccessful, the Parties propose the following schedules:

| | | |
|---|---|---|
| 1. | Written Discovery cut-off | January 5, 2009 |
| 2. | All percipient witness deposition cut-off | February 5, 2009 |
| 3. | Non-expert discovery cut-off | March 2, 2009 |
| 4. | Expert disclosure | To be determined |
| 5. | Expert discovery cut-off | To be determined |
| 6. | Dispositive motion hearing deadline: | April 29, 2009 |
| 7. | Settlement Conference | To be determined |
| 8. | Trial | To be determined |

R.  Trial:

Plaintiff has demanded a jury trial.

Date:  September 3, 2008                 Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: /s/ Timothy P. O'Donnell
    PAUL V. SIMPSON
    TIMOTHY P. O'DONNELL
Attorneys for Defendant Customized Performance Inc.

{CLIENT FILES\31015\2\00094993.DOC}                                                                                              - 5 -
JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-08-02616 RS

LITTLER MENDELSON P.C.

By: _____
   MICHAEL E. BREWER
   ANNE-MARIE WAGGONER
Attorneys for Defendant Hamilton Management, Inc.

LAW OFFICES OF JAMES DAL BON

By: _____
   JAMES DAL BON
Attorneys for Plaintiff Rafael Castro